██ In the Matter of ERIK M. and Another, Infants. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GERALD M., Appellant. [804 NYS2d 884]—

Appeal from an order of the Family Court, Oneida County (John E. Flemma, J.H.O.), entered April 23, 2003 in a proceeding pursuant to Family Court Act article 10. The order adjudged the subject children to be neglected children as defined in Family Court Act § 1012 (f) (i) (A).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: On appeal from an order finding that he had neglected his children, respondent father contends that the evidence concerning the conditions of his residence was insufficient to establish neglect under Family Court Act § 1012 (f) (i) (A)

and that Family Court's finding is against the weight of the evidence. We agree. This is not a case in which the conditions of respondent's residence were "deplorable and unsanitary" (*Matter of Todd D.*, 9 AD3d 462, 463 [2004]; *see Matter of Jessica DiB.*, 6 AD3d 533, 534 [2004]). Rather, although respondent's residence was in a state of disarray and was generally messy, there was no evidence of unsanitary or unsafe conditions warranting a finding of neglect (*cf. Jessica DiB.*, 6 AD3d at 534; *Matter of Shavon H.*, 1 AD3d 123 [2003]; *Matter of Mariah CC.*, 302 AD2d 799, 801 [2003]; *Matter of Noemi B.*, 273 AD2d 304 [2000]; *Matter of Lillian H.*, 254 AD2d 237 [1998]; *Matter of Kathleen GG. v Kenneth II.*, 254 AD2d 538, 539-540 [1998]; *Matter of Billy Jean II.*, 226 AD2d 767 [1996]). The fact that the court did not credit the testimony of either respondent or the children's mother concerning the reason for the state of disarray of the residence "does not obviate the need for affirmative proof of neglect" (*Matter of Kenneth V.* [appeal No. 2], 307 AD2d 767, 769 [2003]). We therefore reverse the order and dismiss the petition. Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Pine, JJ.