■ In the Matter of DEVIN N. and Others, Children Alleged to be Neglected. SANDRA N., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. In the Matter of JAMIE A.D.N. and Others, Children Alleged to be Neglected. SANDRA N., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [882 NYS2d 400]—

Order, Family Court, New York County (Sara P. Schechter, J.), entered on or about April 20, 2007, which, to the extent appealed from, found that respondent had neglected her five grandchildren, unanimously reversed, on the law, without costs, and the petition dismissed as against her. Order, same court, Judge and entry date, which, to the extent appealed from, found that respondent had neglected her three great grandchildren,

unanimously reversed, on the law, without costs, and the charges of neglect dismissed.

The evidence established that the crowded living conditions existing at respondent's apartment in August 2006—with clothing-filled garbage bags lining a living room wall and the kitchen in disarray—was the result of a temporary situation where respondent had taken in her daughter and five children who had nowhere else to stay. While not ideal, these conditions were neither unsafe nor unsanitary (*see Matter of Erik M.*, 23 AD3d 1056 [2005]). The children had adequate sleeping accommodations and appeared to be clean. The condition of the premises did not constitute neglect (*see Matter of Allison B.*, 46 AD3d 313 [2007]), and did not place the children's physical, mental or emotional states in imminent danger of impairment (*see Nicholson v Scoppetta*, 3 NY3d 357, 368-369 [2004]).

There was no evidence that the children were endangered by the mere presence of apparently intoxicated people in the apartment (*see Matter of Anna F.*, 56 AD3d 1197 [2008]; *Matter of Anastasia G.*, 52 AD3d 830 [2008]). With respect to Merkadel, one of the children alleged to have been neglected, the mere fact that he was in a locked room with a person who appeared to be intoxicated and was smoking a cigarette does not establish that respondent's conduct placed the child's physical, mental or emotional state in imminent danger of impairment. Even assuming that an isolated instance of permitting someone to smoke a cigarette in the presence of an infant would be sufficient to establish such imminent danger, there was no evidence that respondent was aware that the individual in the room was smoking a cigarette. Moreover, the child protective specialist who saw Merkadel that evening testified that "he appeared to be healthy." Similarly, one of the police officers who entered the room testified that Merkadel was in "good condition." Thus, we conclude that the evidence was legally insufficient to establish the requisite "imminent danger." Concur—Andrias, J.P., Nardelli, McGuire, Acosta and DeGrasse, JJ.