■ In the Matter of CLYDEANE C., a Child Alleged to be Neglected. ANNETTA C., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [902 NYS2d 80]—

Order of disposition, Family Court, New York County (Karen

I. Lupuloff, J.); entered on or about April 15, 2009, insofar as appealed from as limited by the briefs, bringing up for review the fact-finding determination that respondent mother neglected the subject child, unanimously reversed, on the law and the facts, without costs, the finding of neglect vacated, and the petition dismissed.

Respondent and her 11-year-old daughter lived for three years in an apartment owned by an elderly friend, who had asked respondent to take care of him as his health deteriorated. She acted as his nurse, took him to doctor appointments, cooked for him and bathed him. Arrangements had been made for a cleaning person to clean the apartment on weekends. When the owner died at age 96, his son attempted to evict respondent. Respondent was informed by the police to go to Housing Court, and when she did the following day, the son called the police and reported that the child was alone in the apartment. A Family Court action was commenced that ultimately led to a finding of neglect.

The evidence merely established, among other things, that the apartment was cluttered with bags and boxes of legal files belonging to the owner and had a kitchen that was dirty. These conditions, however, were neither unsafe nor unsanitary (*see Matter of Iyanah D.*, 65 AD3d 927 [2009]; *Matter of Erik M.*, 23 AD3d 1056 [2005]). The child had adequate sleeping accommodations and was adjudged by a doctor and a juvenile officer to be clean, "well taken care of, verbal and very smart," and well-fed. Her school principal stated that the child was attending school and passing her classes, and was generally well-regarded as a student, although she sometimes had body odor and dirty clothes.

Moreover, certain Family Court findings regarding the condition of the apartment are not supported by the evidence. For instance, the court found that there were feces in the kitchen, but the officer said that she saw them in one room, which is not out of the ordinary for a family with a pet cat as was the case here. While the court found that the apartment "reeked" of urine, the caseworker stated that there was a "mild smell" of urine. In any event, a musty or urine smell is not unusual in an apartment where an aged and sick man had been living alone for many years. The caseworker also testified that only one bathroom had a clogged sink and was dirty, and there was no evidence that it was the bathroom used by the child. The mother in fact testified there was one bathroom that no one used, where the litter box was kept. Although there was evidence that the condition of the apartment was far from ideal, we find that

there was insufficient evidence that the condition of the apartment was chronic and attributable to respondent, as she was not the owner of the apartment and a cleaning lady was responsible for cleaning the apartment. The condition of the premises did not constitute neglect (*see Matter of Allison B.*, 46 AD3d 313 [2007]), and did not place the child's physical, mental or emotional state in imminent danger of impairment (*see Nicholson v Scoppetta*, 3 NY3d 357, 368-369 [2004]; *Matter of Devin N.*, 62 AD3d 631 [2009]).

We also find no basis for a neglect finding in the fact that the mother left the child for a period of approximately two hours, either alone or with an adult who was known to the child and the mother, and with whom the mother had a comfortable relationship. Concur—Nardelli, J.P., McGuire, Acosta, Freedman and Román, JJ.