■ In the Matter of ALEXIS H. and Others, Infants. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JENNIFER T., Appellant. [936 NYS2d 823]—

Memorandum: Respondent mother appeals from a corrected order adjudicating her three children to be neglected. We agree with the mother that Family Court erred in including in the order references to alcohol abuse and related treatment during September 2006. The court's oral decision made no reference to that alcohol abuse and treatment. Where "an order and decision conflict, the decision controls" (*Matter of Christina M.*, 247 AD2d 867 [1998], *lv denied* 91 NY2d 812 [1998]). Inasmuch as "[s]uch an inconsistency may be corrected . . . on appeal" (*Spier v Horowitz*, 16 AD3d 400, 401 [2005]; *see generally* CPLR 5019 [a]), we modify the corrected order by vacating all references to the September 2006 alcohol abuse and related treatment.

Contrary to the mother's further contention, petitioner established by a preponderance of the evidence that the mental or emotional condition of each child had been or was in imminent danger of becoming impaired as a result of the mother's failure to exercise a minimum degree of care (*see* Family Ct Act 1012 [f] [i]). Specifically, that imminent danger resulted from the mother's failure to maintain the family residence free from unsanitary or unsafe conditions (*cf. Matter of Erik M.*, 23 AD3d 1056 [2005]), her long-standing history of mental illness and noncompliance with treatment (*see Matter of Harmony S.*, 22 AD3d 972, 973 [2005]), and her failure to seek treatment for substance abuse (*see Matter of Alim Lishen Laquan R.*, 63 AD3d 947 [2009]). The evidence presented by petitioner, combined with the adverse inference that the court was permitted to draw based on the mother's failure to testify (*see Matter of Christine II.*, 13 AD3d 922, 923 [2004]), amply supported the court's findings concerning, inter alia, the imminency of the potential impairment to the mental and emotional conditions of the children and the mother's inability to exercise the degree of care required to provide proper supervision (*see Nicholson v Scoppetta*, 3 NY3d 357, 368-370 [2004]). Actual impairment or injury is not required but, rather, only "near or impending" injury or impairment is required (*id.* at 369; *see Matter of Markus MM.*, 17 AD3d 747, 748 [2005]). Present—Smith, J.P., Fahey, Carni, Sconiers and Gorski, JJ.