# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1406**
**CAF 10-02304**
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF ALEXIS H., DAKOTA H. AND
JAYDEN H.
-------------------------------------------------        MEMORANDUM AND ORDER
ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

JENNIFER T., RESPONDENT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF
COUNSEL), FOR RESPONDENT-APPELLANT.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (SARA J. LANGAN OF
COUNSEL), FOR PETITIONER-RESPONDENT.

GEORGE P. ALESSIO, ATTORNEY FOR THE CHILDREN, SYRACUSE, FOR ALEXIS H.,
DAKOTA H. AND JAYDEN H.

---

Appeal from a corrected order of the Family Court, Onondaga
County (Michele Pirro Bailey, J.), entered November 10, 2010 in a
proceeding pursuant to Family Court Act article 10.  The corrected
order adjudged that respondent had neglected the subject children.

It is hereby ORDERED that the corrected order so appealed from is
unanimously modified on the law by vacating all references to the
September 2006 alcohol abuse and related treatment and as modified the
corrected order is affirmed without costs.

Memorandum:  Respondent mother appeals from a corrected order
adjudicating her three children to be neglected.  We agree with the
mother that Family Court erred in including in the order references to
alcohol abuse and related treatment during September 2006.  The
court's oral decision made no reference to that alcohol abuse and
treatment.  Where "an order and decision conflict, the decision
controls" (*Matter of Christina M.*, 247 AD2d 867, 867, *lv denied* 91
NY2d 812).  Inasmuch as "[s]uch an inconsistency may be corrected . .
. on appeal" (*Spier v Horowitz*, 16 AD3d 400, 401; *see generally* CPLR
5019 [a]), we modify the corrected order by vacating all references to
the September 2006 alcohol abuse and related treatment.

Contrary to the mother's further contention, petitioner
established by a preponderance of the evidence that the mental or
emotional condition of each child had been or was in imminent danger
of becoming impaired as a result of the mother's failure to exercise a
minimum degree of care (*see* Family Ct Act 1012 [f] [i]).

Specifically, that imminent danger resulted from the mother's failure to maintain the family residence free from unsanitary or unsafe conditions (*cf. Matter of Erik M.*, 23 AD3d 1056), her long-standing history of mental illness and noncompliance with treatment (*see Matter of Harmony S.*, 22 AD3d 972, 973), and her failure to seek treatment for substance abuse (*see Matter of Alim Lishen Laquan R.*, 63 AD3d 947).  The evidence presented by petitioner, combined with the adverse inference that the court was permitted to draw based on the mother's failure to testify (*see Matter of Christine II.*, 13 AD3d 922, 923), amply supported the court's findings concerning, inter alia, the imminency of the potential impairment to the mental and emotional conditions of the children and the mother's inability to exercise the degree of care required to provide proper supervision (*see Nicholson v Scoppetta*, 3 NY3d 357, 368-370).  Actual impairment or injury is not required but, rather, only "near or impending" injury or impairment is required (*id.* at 369; *see Matter of Markus MM.*, 17 AD3d 747, 748).

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court