Matter of Zackery S. (Stephanie S.) (2019 NY Slip Op 01985)





Matter of Zackery S. (Stephanie S.)


2019 NY Slip Op 01985


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND TROUTMAN, JJ.


1343 CAF 17-01749

[*1]IN THE MATTER OF ZACKERY S. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; STEPHANIE S., RESPONDENT-APPELLANT.






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR RESPONDENT-APPELLANT. 
MICHAEL E. DAVIS, COUNTY ATTORNEY, ROCHESTER (CAROL L. EISENMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.


 Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered August 24, 2017 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent had neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order that, inter alia, placed her under the supervision of petitioner based on a finding that, as a result of her mental illness, she neglected the subject child. We affirm.
Initially, we reject the mother's contention that Family Court erred in admitting in evidence certain hearsay statements in her hospital records, which were generated following a mental hygiene arrest of the mother during the relevant time period. "Hospital records fall within the business records exception when they
reflect[ ] acts, occurrences or events that relate to diagnosis, prognosis or treatment or are otherwise helpful to an understanding of the medical or surgical aspects of . . . [the particular patient's] hospitalization" (People v Ortega, 15 NY3d 610, 617 [2010] [internal quotation marks omitted]; see CPLR 4518 [a]; Matter of Christopher D.B. [Lorraine H.], 157 AD3d 944, 947-948 [2d Dept 2018]). Here, the mother's hospital records contain information concerning how and why she was taken to the hospital and, due to her refusal or inability to inform hospital personnel of what had occurred, that information was required for an understanding of her condition. Thus, "the statements in the hospital records were properly admitted both because they related to diagnosis and treatment and thus were admissible as an exception to the hearsay rule' . . . , and because they had the requisite indicia of reliability" (People v Emanuel, 89 AD3d 1481, 1482 [4th Dept 2011], lv denied 18 NY3d 882 [2012]). In any event, even assuming, arguendo, that the court erred in admitting certain parts of the records, we conclude that any such error is harmless because, "even if those records are excluded from consideration, the finding of neglect is nonetheless supported by a preponderance of the credible evidence" (Matter of Lyndon S. [Hillary S.], 163 AD3d 1432, 1433 [4th Dept 2018]).
Contrary to the mother's further contention, we conclude that petitioner established by a preponderance of the evidence that the subject child was neglected as a result of the mother's mental illness (see Matter of Thomas B. [Calla B.], 139 AD3d 1402, 1403-1404 [4th Dept 2016]; see generally Family Court Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; Nicholson v Scoppetta, 3 NY3d 357, 368-369 [2004]). The evidence at the hearing established that the mother engaged in
" bizarre and paranoid behavior' " that placed the subject child's physical, mental, or emotional condition in imminent danger of becoming impaired (Matter of Christy S. v Phonesavanh S., 108 [*2]AD3d 1207, 1208 [4th Dept 2013]; see generally Matter of Alexis H. [Jennifer T.], 90 AD3d 1679, 1680 [4th Dept 2011], lv denied 18 NY3d 810 [2012]; Matter of Senator NN., 11 AD3d 771, 772 [3d Dept 2004]). In addition, contrary to the mother's contention that the evidence is legally insufficient because the child did not suffer an actual injury, only "near or impending" injury or impairment is required (Nicholson, 3 NY3d at 369), and such impending injury was established here.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court