Matter of Jordin B. (Tiaya B.) (2019 NY Slip Op 02083)





Matter of Jordin B. (Tiaya B.)


2019 NY Slip Op 02083


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-06355
 (Docket No. 27462/15)

[*1]In the Matter of Jordin B. (Anonymous). Administration for Children's Services, appellant; Tiaya B. (Anonymous), et al., respondents.


Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton and Deborah E. Wassel of counsel), for appellant.
Brooklyn Defender Services, Brooklyn, NY (Jessica Marcus, Kathryn Lissy, and Lynn Vogelstein of counsel), and Davis Polk & Wardwell LLP, New York, NY (Dara L. Sheinfeld and Alexa B. Lutchen of counsel), for respondent Tiaya B. (one brief filed).
Kyle Sosebee, Brooklyn, NY, for respondent Cecil B.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the Administration for Children's Services appeals from a fact-finding order of the Family Court, Kings County (Jacqueline B. Deane, J.), dated May 31, 2018. The order, insofar as appealed from, after a fact-finding hearing, dismissed those branches of the petition which were based on (1) the allegation that the respondents neglected the subject child by failing to provide adequate shelter, (2) the allegation that the respondent Cecil R. neglected the child because he presented an imminent danger to the child, and (3) the allegation that the respondent Tiaya B. neglected the child by failing to protect her from the respondent Cecil R.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In 2015, the petitioner filed a neglect petition pursuant to Family Court Act article 10, alleging, inter alia, (1) as against Tiaya B., the mother, and Cecil R., a person legally responsible, that they neglected the subject child by failing to maintain adequate shelter, (2) as against Cecil R., that he neglected the child because he presented an imminent danger to her based on a prior sexual abuse finding in an unrelated Family Court proceeding as to two other children and his failure to complete a sex offender treatment program in connection with that prior finding, and (3) as against Tiaya B., that she failed to protect the child from Cecil R. Following a fact-finding hearing, the Family Court, inter alia, determined that the petitioner failed to establish a prima facie case of neglect based upon those allegations and dismissed those branches of the petition.
A neglected child is a child less than 18 years old "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or [a] person legally responsible for his care to exercise a minimum degree of care" (Family Ct Act § 1012[f][i]), by, inter alia, "unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012[f][i][B]). In order for danger to be "imminent," it must be "near or impending, not merely possible" (Nicholson v Scoppetta, 3 NY3d 357, 369).
The Family Court erred in failing to give preclusive effect to the findings made in a prior 2012 Family Court order in an unrelated proceeding that Cecil R. sexually abused a child and derivatively abused another child, neither of whom is the subject of the instant proceeding, since those prior findings were binding. Nonetheless, here, the petitioner failed to establish by a preponderance of the evidence that Cecil R. posed an imminent danger to the subject child (see Matter of Afton C. [James C.], 17 NY3d 1). Moreover, because the petitioner failed to establish by a preponderance of the evidence that Cecil R. posed an imminent danger to the child, it necessarily failed to prove that the mother neglected the child by allowing Cecil R. to live in the home (see Matter of Afton C., 17 NY3d at 11). The petitioner additionally failed to establish by a preponderance of the evidence that Cecil R. and the mother neglected the child by failing to maintain adequate shelter (see Matter of Clydeane C. [Annetta C.], 74 AD3d 486; Matter of Iyanah D., 65 AD3d 927; Matter of Devin N., 62 AD3d 631; Matter of Allison B., 46 AD3d 313; Matter of Erik M., 23 AD3d 1056).
DILLON, J.P., LEVENTHAL, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court