Matter of Angelica M. (Joe M.) (2020 NY Slip Op 05685)





Matter of Angelica M. (Joe M.)


2020 NY Slip Op 05685


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Gische, J.P., Singh, Kennedy, Mendez, JJ. 


Docket No. NN-24043/2018 Appeal No. 12040 Case No. 2019-04332 

[*1]In re Angelica M. a Child Under the Age of 18 Years Alleged to be Neglected Under Article 10 of the Family Court Act. Administration for Children's Services, Respondent-Respondent, Joe M., Respondent-Appellant, Luz C., Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Anna Gottlieb of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child.



Order of fact-finding, Family Court, Bronx County (Elenor C. Cherry, J.), entered on or about October 8, 2019, which, after a hearing, found that respondent father neglected the subject child, unanimously reversed, on the law, without costs, the finding of neglect vacated, and the petition dismissed as against him.
The hearing evidence does not support the court's finding that the father neglected the child by failing to provide adequate shelter. The evidence of the condition of the family's apartment consisted only of the child's statement that the apartment was messy and untidy and that its condition had deteriorated over the prior three months. The child's statement was corroborated by the building superintendent's testimony that, based on his observations during a single visit to the apartment, the hallway, kitchen, and bathroom were dirty and smelled like garbage and there was broken glass and various items strewn about (FCA 1046).
While the apartment was in a deteriorated condition, there is no evidence that the child, age thirteen, was in danger or imminent danger of impairment due to the condition of the apartment; indeed, the caseworker testified that she observed the child to be healthy and appropriately groomed, the child was at the appropriate grade level, and the child denied any concerns about the father (see Matter of Puah B. [Autumn B.], 173 AD3d 422 [1st Dept 2019], appeal dismissed 33 NY3d 1117 [2019]; Matter of Clydeane C. [Annetta C.], 74 AD3d 486 [1st Dept 2010]); Matter of Iyanah D., 65 AD3d 927 [1st Dept 2009]; Matter of Devin N., 62 AD3d 631 [1st Dept 2009]). The strong inference drawn by the court against the father for failing to testify is insufficient by itself to provide the necessary link between the conditions in the apartment and any imminent harm to the child (see Matter of Jayvien E. [Marisol T.], 70 AD3d 430, 436 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020