Matter of Berllin B.O. (Shakira O.) (2023 NY Slip Op 02170)

Matter of Berllin B.O. (Shakira O.)

2023 NY Slip Op 02170

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Renwick, A.P.J., González, Kennedy, Higgitt, JJ. 

Docket No. NN-14283/19 Appeal No. 108 Case No. 2022-02209 

[*1]In the Matter of Berllin B.O., A Child Under Eighteen Years of Age, etc., Shakira O., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Daniel X. Robinson, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), for appellant.

Order of disposition, Family Court, New York County (Keith E. Brown, J.), entered on or about May 5, 2022, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about February 24, 2022, which found that respondent mother neglected the subject child by inflicting excessive corporal punishment against her, unanimously affirmed, without costs.
The finding of neglect is supported by a preponderance of the evidence. The record demonstrated that respondent inflicted excessive corporal punishment on her daughter after breaking down the door to the bathroom, where the child had fled for safety. Respondent then cornered the child against the toilet, struck her on the leg with a cable, and hit her in the face causing her mouth to bleed. The discipline far exceeded any reasonable force that respondent had a common-law right to use to discipline her child (see Matter of Genesis F. [Xiomaris S.], 121 AD3d 526, 526 [1st Dept 2014]). Even a single incident of excessive corporal punishment can support a neglect finding (see Matter of Liza F. [Bon F.], 177 AD3d 570, 571 [1st Dept 2019]). The child's and her older brother's out-of-court statements, as testified to by the caseworker, were corroborated by the photographs depicting the brother's injuries taken by the police on the day of the incident and the mother's admission to beating the girl (see Matter of Empress B. [Henrietta L.], 204 AD3d 562, 563 [1st Dept 2022]). The court's credibility determinations are supported by the record (see Matter of Syeda A. [Syed I.], 186 AD3d 1145, 1146 [1st Dept 2020]), and a negative inference was properly drawn for respondent's failure to testify (see Matter of Antonio S. [Antonio S., Sr.], 154 AD3d 420, 421 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023