Matter of Chloe. P.-M. (Martinique P.) (2023 NY Slip Op 05138)

Matter of Chloe. P.-M. (Martinique P.)

2023 NY Slip Op 05138

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-07333
 (Docket No. N-27879-18)

[*1]In the Matter of Chloe. P.-M. (Anonymous). Administration for Children's Services, petitioner-respondent; 
and
Martinique P. (Anonymous), appellant, et al., respondent.

Law and Mediation Office of Helene Bernstein, PLLC, Brooklyn, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Julie Steiner of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne Mitchell and Diane Pazar of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Kings County (Jacqueline B. Deane, J.), dated August 5, 2022. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the mother neglected the subject child.
ORDERED that the order of fact-finding is modified, on the law, by deleting the provision thereof determining that the mother neglected the subject child by having an untreated mental illness; as so modified, the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the subject child by having an untreated mental illness that placed the child at imminent risk of harm. After a fact-finding hearing, the Family Court, among other things, in effect, conformed the pleadings to the proof, and found that ACS established by a preponderance of the evidence that the mother neglected the child by having an untreated mental illness and by knowingly permitting the child to reside in the maternal grandparents' home, which was in an unsafe and unsanitary condition. The mother appeals.
"'To establish neglect of a child, the petitioner must demonstrate by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship'" (Matter of Jeremiah J. [Selene A.C.], 177 AD3d 740, 741-742, quoting Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d 953, 955; see Nicholson v Scoppetta, 3 NY3d 357, 368).
Contrary to the mother's contention, the Family Court's determination that she neglected the child by knowingly permitting the child to live in the maternal grandparents' home, which was unsafe and unsanitary, is supported by a preponderance of the evidence (see Family Ct Act §§ 1012[f][i][A]; 1046[b][i]). The evidence adduced at the hearing established, inter alia, that the home lacked heat, that there was no plumbing to the kitchen sink or the toilet, that several rooms had boxes and bags piled from the floor to the ceiling, evidencing hoarding, and that the broken and misaligned steps at the entrance of the home were dangerous for the child to use (see Matter of Jeremiah J. [Selene A.C.], 177 AD3d 740; Matter of Jessica DiB., 6 AD3d 533). The evidence further established that the mother knew of these conditions yet failed either to remedy the conditions or find alternative housing for the child despite an ability to do so (see generally Matter of John W., 63 AD2d 750). Accordingly, the court correctly determined that there was an imminent danger of impairment of the child's health as a result of the mother's conduct (see Matter of Jeremiah J. [Selene A.C.], 177 AD3d at 742; Matter of John H.M., 54 AD3d 763, 763).
However, as the mother argues, ACS did not prove by a preponderance of the evidence that she neglected the child based on an untreated mental illness. While a parent's untreated mental illness or condition that results in an imminent risk of harm to the child may support a finding of neglect (cf. Matter of Christian G. [Alexis G.], 192 AD3d 1027; Matter of Catalina A. [Evelyn C.], 157 AD3d 667), the evidence at the hearing was insufficient to establish either that the mother had an untreated mental illness or condition, or that said illness or condition placed the child at imminent risk of harm to her physical, mental, or emotional condition (see Matter of Alexis S.G. [Shanese B.], 107 AD3d 799; Matter of Jayvien E. [Marisol T.], 70 AD3d 430; Matter of Tomieke Y., 32 AD3d 1041). Accordingly, the Family Court should not have determined that the mother neglected the child by having an untreated mental illness.
BRATHWAITE NELSON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court