Matter of Kaira K. (Karam S.) (2024 NY Slip Op 02054)

Matter of Kaira K. (Karam S.)

2024 NY Slip Op 02054

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-07517
 (Docket Nos. N-1182/21, N-1183/21)

[*1]In the Matter of Kaira K. (Anonymous). Administration for Children's Services, respondent; Karam S. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Kiana B. (Anonymous). Administration for Children's Services, respondent; Karam S. (Anonymous), appellant. (Proceeding No. 2.)

Center for Family Representation, Inc., New York, NY (Emily S. Wall and Tehra Coles of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Deborah A. Brenner of counsel), for respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Emily Ruben, J.), dated August 22, 2022. The order of disposition, insofar as appealed from, was entered upon an order of fact-finding of the same court dated July 19, 2022, made after a fact-finding hearing, finding that the mother neglected the subject children.
ORDERED that the order of disposition is modified, on the law and the facts, by deleting the provision thereof, upon the order of fact-finding, determining that the mother neglected the child Kiana B. by failing to provide that child with an adequate education; as so modified, the order of disposition is affirmed insofar as appealed from, without costs or disbursements, and the order of fact-finding is modified accordingly (see Matter of Divine K. M. [Andre G.], 211 AD3d 733, 734; Matter of Majesty M. [Brandy P.], 166 AD3d 775, 775-776).
The mother has two children, one born in 2012 and the other born in 2020. In January 2020, before the younger child, Kaira K., was born, the mother and the older child, Kiana B., began residing in a unit within a residential facility for families with housing difficulties (hereinafter the facility). The mother and Kiana B. continued living within the facility after Kaira K. was born. In January 2021, following a referral from the mother's case manager at the facility, the Administration for Children's Services (hereinafter ACS) commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the children. In its petitions, ACS asserted, among other things, that the mother neglected both children by failing to provide them with adequate shelter and neglected Kiana B. in particular by failing to provide her with an adequate education. In October 2021, after the mother tested positive for cocaine on multiple occasions, upon [*2]receiving leave of the court, ACS amended its petitions to allege, inter alia, that the mother neglected both children due to her repeated misuse of a drug.
The Family Court thereafter conducted a fact-finding hearing over the course of six days, beginning in October 2021 and ending in May 2022. In an order of fact-finding dated July 19, 2022, the court found, among other things, that the mother neglected both children by failing to provide adequate shelter and repeatedly misusing cocaine and that she neglected Kiana B. by failing to provide her with an adequate education. The court then entered an order of disposition dated August 22, 2022, upon the order of fact-finding. The mother's appeal from the order of disposition brings up for review the findings of neglect in the order of fact-finding (see CPLR 5501[a][1]; Matter of Timothy L. [Timothy L.], 221 AD3d 1006, 1007).
"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing that the subject child has been abused or neglected by a preponderance of the evidence" (Matter of Kamaya S. [Zephaniah S.], 218 AD3d 590, 592 [internal quotation marks omitted]). "To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Chloe P.-M. [Martinique P.], 220 AD3d 783, 784 [internal quotation marks omitted]). "Courts must evaluate parental behavior objectively by considering whether a reasonable and prudent parent would have so acted, or failed to act, under the circumstances then and there existing" (Matter of Abigail M.A. [James A.], 222 AD3d 973, 975 [alterations and internal quotation marks omitted]).
A parent or caretaker may be found to have "neglected [a] child by failing to supply the child with adequate shelter based on the unsanitary," deplorable, or otherwise unsafe "conditions of the home" (Matter of Majesty M. [Brandy P.], 166 AD3d at 776; see Matter of Chloe P.-M. [Martinique P.], 220 AD3d at 784; Matter of Justyn H. [Laverne H.], 191 AD3d 876, 877), since "such conditions necessarily imply an imminent danger of impairment [to] the [child's] health" (Matter of Busch v Margaret B., 109 AD2d 837, 837-838; see Matter of Todd D., 9 AD3d 462, 463). However, evidence showing that a child's home was "in a state of disarray and was generally messy" is generally insufficient to "warrant[ ] a finding of neglect," absent "evidence of unsanitary or unsafe conditions" (Matter of Erik M., 23 AD3d 1056, 1057; see Matter of Majesty M. [Brandy P.], 166 AD3d at 776; Matter of Clydeane C. [Annetta C.], 74 AD3d 486, 487-488). Moreover, evidence of unsanitary or unsafe conditions may not be sufficient to warrant a finding of neglect where, for example, the record demonstrates that the conditions were temporary in nature and improved over time (see Matter of Jordin B. [Tiaya B.], 170 AD3d 996, 998; Matter of Iyanah D., 65 AD3d 927, 927-928; Matter of Devin N., 62 AD3d 631, 632).
Here, contrary to the mother's contention, "[t]he evidence adduced at the fact-finding hearing established that the mother maintained the [childrens'] home in a deplorable and unsanitary condition" (Matter of Justyn H. [Laverne H.], 191 AD3d at 877 [internal quotation marks omitted]; see Matter of Antonio T. [Franklin T.], 169 AD3d 699, 701; Matter of Jessica DiB., 6 AD3d 533, 534). The evidence demonstrated, among other things, that the conditions of the children's home over an extended period of time included garbage and soiled diapers strewn about, old food and fast-food containers left in the kitchenette area, spilled liquids in the refrigerator that went unremedied, and soiled bed sheets (see Matter of China C. [Alexis C.], 116 AD3d 953, 954). Further, the evidence established that, at times, the children appeared malodorous and unbathed, and that the mother declined a suggestion to obtain a storage unit at no cost to her (see Matter of Chloe P.-M. [Martinique P.], 220 AD3d at 784; Matter of Jessica DiB., 6 AD3d at 534). As a result, the Family Court properly concluded that the mother neglected the children by failing to provide them with adequate shelter.
Moreover, "[p]ursuant to Family Court Act § 1046(a)(iii), proof that a person repeatedly misuses a drug, under certain circumstances, constitutes prima facie evidence that a child of . . . such person is a neglected child" (Matter of Mia S. [Michelle C.], 212 AD3d 17, 19 [internal [*3]quotation marks omitted]). Specifically, "proof that a person repeatedly misuses a drug or drugs or alcoholic beverages, to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence," among other things, "shall be prima facie evidence that a child of . . . such person is a neglected child" (Matter of Jesse W. [Jesse W.], 189 AD3d 848, 849 [internal quotation marks omitted]). "In cases where this presumption of neglect is triggered, the petitioner is not required to establish that the child suffered actual harm or was at imminent risk of harm" (Matter of Mia S. [Michelle C.], 212 AD3d at 19 [internal quotation marks omitted]). However, proof of a parent's repeated misuse of a drug will not constitute prima facie evidence of neglect in circumstances where he or she "was voluntarily and regularly participating in a drug rehabilitative program before the neglect petition was filed" (id. at 25; see Matter of Kailey Z. [Nancy Z.], 185 AD3d 832, 833; Matter of Mia G. [William B.], 146 AD3d 882, 884). "In those circumstances, . . . evidence establishing that the child's physical, mental[,] or emotional condition has been impaired or is in imminent danger of becoming impaired" is required to establish neglect, even where the parent "has repeatedly misused a drug" (Matter of Keira O., 44 AD3d 668, 670 [internal quotation marks omitted]). In any event, when the presumption is triggered, it "is not rebutted by a showing that the children were never in danger and were always well kept, clean, well fed[,] and not at risk" (Matter of Arthur S. [Rose S.], 68 AD3d 1123, 1124 [internal quotation marks omitted]). Moreover, "the sole fact that an individual consumes cannabis, without a separate finding that the child's physical mental or emotional condition was impaired or is in imminent danger of becoming impaired established by a fair preponderance of the evidence[,] shall not be sufficient to establish prima facie evidence of neglect" (Family Court Act § 1046[a][iii]).
Here, ACS presented a prima facie case of neglect based on evidence that the mother repeatedly tested positive for cocaine (see Matter of Kailey Z. [Nancy Z.], 185 AD3d at 833; Matter of Kenneth C. [Gertrude B.], 148 AD3d 799, 800). Since the evidence at the fact-finding hearing did not show that the mother was voluntarily and regularly participating in a drug rehabilitation program before the petitions were filed, and instead indicated that she had declined ACS's referral to a substance abuse counselor shortly after the petitions were filed, the mother failed to rebut ACS's prima facie showing of neglect (see Matter of Mia S. [Michelle C.], 212 AD3d at 25; Matter of Christian G. [Alexis G.], 192 AD3d 1027, 1029). Therefore, the Family Court correctly determined that the mother neglected the children by repeatedly misusing a drug.
However, the Family Court's determination that the mother neglected Kiana B. by failing to provide her with an adequate education is not supported by the record (see Matter of Natiello v Carrion, 73 AD3d 1070, 1072; cf. Matter of Tim C. [Rizalina C.], 185 AD3d 1021, 1022). The evidence demonstrated that that child had excessive absences throughout the 2020-2021 school year. However, the overwhelming majority of those absences occurred during the first half of the school year as a result of bussing issues, which the mother attempted to and ultimately did remedy, as well as technological issues the mother experienced when the child was attempting to attend school remotely during the COVID-19 pandemic. The record also showed that Kiana B.'s absences during the second half of the school year were far more sporadic, that some of the absences during that period occurred when the mother did not have residential custody of Kiana B., that Kiana B.'s attendance improved as time went on, and that Kiana B. successfully completed the third grade. Under the circumstances presented, the court should not have determined that the mother committed educational neglect (see Matter of Natiello v Carrion, 73 AD3d at 1072; Matter of Alexander D., 45 AD3d 264, 264; Matter of Jennifer N., 173 AD2d 971, 972).
The mother's remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in light of our determination.
BARROS, J.P., MILLER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court