Matter of Maverick V. (Shantelle K.) (2024 NY Slip Op 06437)

Matter of Maverick V. (Shantelle K.)

2024 NY Slip Op 06437

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

661 CAF 22-02017

[*1]IN THE MATTER OF MAVERICK. V. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
and
SHANTELLE K., RESPONDENT-APPELLANT. (APPEAL NO. 1.)

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
BENJAMIN E. MANNION, BUFFALO, FOR PETITIONER-RESPONDENT.
MELISSA A. CAVAGNARO, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Kelly A. Brinkworth, J.), dated November 1, 2022, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 10, respondent mother appeals in appeal No. 2 from an order of fact-finding and disposition that, inter alia, determined that she neglected her older child. In appeal No. 1, the mother appeals from an order of fact-finding and disposition that, inter alia, determined that she derivatively neglected her younger child.
We reject the mother's contention in appeal No. 2 that the finding that she neglected her older child is against the weight of the evidence. A neglected child is defined, in relevant part, as a child less than 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the child's] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]). Here, petitioner established by a preponderance of the evidence that the older child was in imminent danger of physical, mental, or emotional impairment based on the testimony of the mother and petitioner's senior caseworker about the mother's history with Child Protective Services, her untreated mental illness, and her threats of physical violence, including one instance where she allegedly threatened the older child with a knife (see Matter of Jasmine L. [Montu L.], 228 AD3d 1306, 1307 [4th Dept 2024], lv denied 42 NY3d 907 [2024]). "Actual impairment or injury is not required but, rather, only 'near or impending' injury or impairment is required" (Matter of Alexis H. [Jennifer T.], 90 AD3d 1679, 1680 [4th Dept 2011], lv denied 18 NY3d 810 [2012]).
The mother's contention in appeal No. 2 that Family Court erred in considering certain hearsay evidence is not preserved for our review (see Matter of Norah T. [Norman T.], 165 AD3d 1644, 1645 [4th Dept 2018], lv denied 32 NY3d 915 [2019]).
Contrary to the mother's contention in appeal No. 1, we further conclude that petitioner established by a preponderance of the evidence that the younger child was derivatively neglected (see generally Family Ct Act § 1046 [b] [i]). Proof of neglect of one child shall be admissible on the issue of the neglect of any other child of the respondent parent (see § 1046 [a] [i]). "A finding of derivative neglect may be made where the evidence with respect to the child found to [*2]be abused or neglected demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [the parent's] care" (Matter of Jovon J., 51 AD3d 1395, 1396 [4th Dept 2008] [internal quotation marks omitted]). Here, the evidence "demonstrate[d] such an impaired level of parental judgment as to create a substantial risk of harm" to the younger child (id. [internal quotation marks omitted]).
We have reviewed the mother's remaining contentions in both appeals and conclude that none warrants modification or reversal of the orders.
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court