Matter of J.V. (Hakim H.) (2025 NY Slip Op 00072)

Matter of J.V. (Hakim H.)

2025 NY Slip Op 00072

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Docket No. NN-35370-71/18 Appeal No. 3414-3414A-3414B Case No. 2024-01203 

[*1]In the Matter of J.V. and Another, Children Under Eighteen Years of Age, etc., Hakim H., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Steven N. Feinman, White Plains, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Karin Wolfe of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the children.

Orders of disposition, Family Court, Bronx County (Alicea Elloras-Ally, J.), entered on or about February 20, 2024, which, to the extent they bring up for review amended fact-finding orders, same court and Judge, entered on or about February 20, 2024, which found that respondent neglected the subject children by committing an act of domestic violence against the children's mother in their presence, by violating an order of protection, and by failing to provide them with adequate shelter, unanimously modified, on the law and the facts, to the extent of vacating the finding that respondent neglected the children by failing to provide them with adequate shelter, vacating the finding that respondent neglected J.V., and otherwise affirmed, without costs. Appeal from amended fact-finding orders, unanimously dismissed, without costs as subsumed in the appeal from the orders of disposition. Order of protection, same court and judge, entered on or about February 20, 2024, unanimously affirmed, without costs.
A preponderance of the evidence established that respondent neglected A.H. by committing an act of domestic violence against the mother on February 26, 2019 in A.H.'s presence that resulted in physical, mental, or emotional impairment or imminent danger to A.H. (see Family Ct Act §§ 1012[f][i]; 1046[b][i]; Matter of Terrence B. [Terrence J.B.], 171 AD3d 463, 463 [1st Dept 2019]). The evidence demonstrated that respondent attacked the mother at night and got on top of her. In the meantime, A.H. remained nearby, and at one point tried to intercede and told respondent to leave the mother alone. Under these circumstances, Family Court properly concluded that A.H.'s emotional condition was impaired, and that A.H. was exposed to a risk of substantial harm (see Matter of J.R.J.-C. [Antonio M.], 176 AD3d 623, 624 [1st Dept 2019]). A.H.'s out-of-court statements to petitioner agency's caseworker were corroborated by the mother's statements to the caseworker (see Matter of Cristalyn G. [Elvis S.], 158 AD3d 563, 564 [1st Dept 2018]). Furthermore, there is no reason to disturb the court's credibility findings (see Matter of Syeda A. [Syed I.], 186 AD3d 1145, 1146 [1st Dept 2020]), and a negative inference was properly drawn for respondent's failure to testify (see Matter of Berllin B.O. [Shakira O.], 215 AD3d 581, 582 [1st Dept 2023]). The record, however, does not reflect that J.V. was present at the time of the incident on February 26, 2019.
Contrary to respondent's contention, the evidence that A.H. stated that they were sad after the February 26, 2019 incident was sufficient to establish neglect, particularly given A.H.'s close physical proximity to the altercation, which involved screaming and physical violence (see Matter of Serenity G. v Modi K., 171 AD3d 588, 588 [1st Dept 2019]; Matter of Jeaniya W. [Jean W.], 96 AD3d 622, 623 [1st Dept 2012]).
However, Family Court erred in finding neglect against respondent for failure to provide adequate shelter ([*2]see Matter of Puah B. [Autumn B.], 173 AD3d 422, 423 [1st Dept 2019], lv dismissed 33 NY3d 1117 [2019]). The record demonstrates that the conditions of the home improved over time (see Matter of Iyanah D., 65 AD3d 927, 927-928 [1st Dept 2009]), and there was no evidence that the children were in danger or imminent danger of impairment due to the condition of the apartment (see Matter of Angelica M. [Joe M.], 187 AD3d 508, 509 [1st Dept 2020]). In fact, Administration for Children's Services never sought to remove the children from the parents' care as a result of the allegedly unsanitary conditions in the home. The strong inference drawn by the court against respondent for failure to testify is insufficient by itself to provide the necessary link between the conditions of the apartment and any imminent harm to the children (see Matter of Jayvien E. [Marisol T.], 70 AD3d 430, 436 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025