■ In the Matter of DAYYAN J.L. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAYYAN L., Appellant, et al., Respondent. [17 NYS3d 731]—Appeal from an order of fact-finding and disposition of the Family Court, Orange County (Carol S. Klein, J.), dated June 9, 2014. The order after fact-finding and dispositional hearings, found that the father neglected the subject child and, upon consent, placed the child in the custody of the Orange County Department of Social Services, to reside in foster care until the next permanency hearing.

Ordered that the appeal from so much of the order as, upon consent, placed the child in the custody of the Orange County Department of Social Services, to reside in foster care until the next permanency hearing, is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order as, upon consent, placed the subject child in the custody of the Orange County Department of Social Services, to reside in foster care until the next permanency hearing, must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (*see Matter of Brian R.*, 48 AD3d 576, 577 [2008]). In any event, that portion of the order of disposition has been rendered academic, as it has expired by its own terms (*see Matter of Sarah A. [Daniel A.]*, 109 AD3d 467 [2013]; *Matter of Brian R.*, 48 AD3d at 577). Nevertheless, the Family Court's finding of neglect against the father is not academic, since an adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the father's status in future proceedings (*see Matter of Najad D. [Kiswana M.]*, 99 AD3d 707, 708 [2012]; *Matter of Ifeiye O.*, 53 AD3d 501, 501 [2008]; *Matter of Brian R.*, 48 AD3d at 577).

Contrary to the father's contention, the Family Court's finding of neglect is supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [a] [iii]; [b] [i]). The caseworker testified that on at least two occasions when she met the father, he "reeked" of alcohol. These occasions included a supervised visit with the subject child and a court appearance. Moreover, although he was told that undergoing a drug and alcohol evaluation was a condition for having the subject child returned to his care, the father refused to undergo such an evaluation. This evidence established a prima facie case of neglect and, therefore, neither actual impairment of the child's physical, mental, or emotional conditions, nor specific risk of impairment, needed to be established (*see Matter of Darrell W. [Tenika C.]*, 110 AD3d 1088 [2013]; *Matter of Audrey K. [Erik K.]*, 108 AD3d 717 [2013]; *Matter of Sadiq H. [Karl H.]*, 81 AD3d 647 [2011]; *Matter of Paolo W.*, 56 AD3d 966 [2008]).

The evidence, together with a negative inference drawn from the father's failure to testify, was sufficient to support the Family Court's finding of neglect (*see Matter of Maria Daniella R. [Maria A.]*, 84 AD3d 1384 [2011]; *Matter of Charlie S. [Rong S.]*, 82 AD3d 1248 [2011]).

The father's remaining contentions are without merit.

Accordingly, the Family Court properly found that the father neglected the subject child. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.