Matter of Ava A. (Steven A.) (2020 NY Slip Op 00117)





Matter of Ava A. (Steven A.)


2020 NY Slip Op 00117


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-14382
2018-14383
 (Docket No. N-10833-17)

[*1]In the Matter of Ava A. (Anonymous). Administration for Children's Services, respondent; Steven A. (Anonymous), appellant.


Steven P. Forbes, Jamaica, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jeremy W. Shweder and Rebecca L. Visgaitis of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell, Susan Clement, and Ian Spiridigliozzi of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Joan L. Piccirillo, J.), dated September 27, 2018, and (2) an order of disposition of the same court dated October 17, 2018. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject child. The order of disposition, after a dispositional hearing, inter alia, released the subject child to the custody of the nonrespondent mother under the supervision of a child protective agency for a period of six months, upon certain conditions to be met by the father.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as released the subject child to the custody of the nonrespondent mother under the supervision of a child protective agency for a period of six months, upon certain conditions to be met by the father, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the father neglected the subject child by misusing alcoholic beverages. Following a fact-finding hearing, the Family Court found that the father neglected the child, as he repeatedly misused alcohol, lost control of his actions, and subjected the child to actual emotional impairment. After a dispositional hearing, the court issued an order of disposition dated October 17, 2018, which, inter alia, released the child to the custody of the nonrespondent mother under the supervision of a [*2]child protective agency for a period of six months, upon certain conditions to be met by the father. The father appeals.
The appeal from so much of the order of disposition as released the child to the custody of the mother under the supervision of a child protective agency for a period of six months, upon certain conditions to be met by the father, must be dismissed as academic, as those portions of the order have expired (see Matter of Tyquan J.B. [Jimmy B.], 174 AD3d 891; Matter of Aliyah T. [Jaivon T.], 174 AD3d 722). However, since the adjudication of neglect constitutes a permanent and significant stigma that might indirectly affect the father's status in future proceedings, the appeal from so much of the order of disposition as brings up for review the finding of neglect is not academic (see Matter of Aliyah T. [Jaivon T.], 174 AD3d at 723; Matter of Ndeye D. [Benjamin D.], 85 AD3d 1026, 1027).
At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected (see Nicholson v Scoppetta, 3 NY3d 357, 370; see also Family Ct Act § 1046[b][i]). Family Court Act § 1012(f)(i)(B) defines a neglected child as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care" by, inter alia, "repeatedly misus[ing] . . . alcoholic beverages to the extent that he [or she] loses self-control of his [or her] actions" (see Matter of Vita C. [Oksana C.], 138 AD3d 739, 740). In addition, Family Court Act § 1046(a)(iii) provides that the petitioner establishes a prima facie case of neglect where it presents "proof that a person repeatedly misuses . . . alcoholic beverages, to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of . . . intoxication" (see Matter of Vita C. [Oksana C.], 138 AD3d at 740). In cases where this presumption is triggered, the petitioner is not required to establish that the child suffered actual harm or was at imminent risk of harm (see Matter of Kenneth C. [Gertrude B.], 148 AD3d 799; Matter of Vita C. [Oksana C.], 138 AD3d at 740; Matter of Arthur S. [Rose S.], 68 AD3d 1123).
Here, the Family Court's finding of neglect was supported by a preponderance of the evidence. The evidence at the fact-finding hearing demonstrated that the father regularly misused alcohol to the point of intoxication in the presence of the child. A caseworker testified that he interviewed the father at his home, and that the father admitted during the interview that he was a "functioning alcoholic" and consumed alcohol daily. The caseworker personally observed the father drinking alcohol during the home visit, and that he was intoxicated. The caseworker further observed that the father became increasingly agitated with members of his extended family with whom he resided, and that he yelled loudly and cursed at them. One particular episode spanned 15 minutes and caused the child to cry. Contrary to the father's contention, these observations of the caseworker corroborated the child's statements to the caseworker that the more the father drank, the more he yelled and cursed at his extended family members (see Matter of Z'naya D.J. [Vanessa J.], 141 AD3d 651). This evidence was sufficient to trigger a presumption of neglect pursuant to Family Court Act § 1046(a)(iii) (see Matter of Vita C. [Oksana C.], 138 AD3d at 740-741; Matter of Dayyan J.L. [Dayyan L.], 131 AD3d 1245; Matter of Arthur S. [Rose S.], 68 AD3d at 1123; Matter of Nassau County Dept. of Social Servs. v Laquetta H., 191 AD2d 567). Moreover, contrary to the father's contention, the evidence supported the court's finding of actual harm (see Matter of Z'naya D.J. [Vanessa J.], 141 AD3d 651; Matter of Kevin M.H. [Kenneth H.], 76 AD3d 1015; Matter of Edward C.L., 292 AD2d 282).
"Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 868). Here, the court's credibility determinations are supported by the record and will not be disturbed on appeal.
The father's contention that the Family Court relied on hearsay evidence is unpreserved for appellate review (see Matter of Jeni L.W.F. [Joseph F.], 107 AD3d 988).
RIVERA, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court