Matter of Kailey Z. (Nancy Z.) (2020 NY Slip Op 03920)





Matter of Kailey Z. (Nancy Z.)


2020 NY Slip Op 03920


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-10276 
2019-13625
 (Docket Nos. N-21903-18, N-21904-18)

[*1]In the Matter of Kailey Z. (Anonymous). Administration for Children's Services, respondent; Nancy Z. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Kendall Z. (Anonymous). Administration for Children's Services, respondent; Nancy Z. (Anonymous), appellant. (Proceeding No. 2.)


Carol L. Kahn, New York, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Scott Shorr and Susan Paulson of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of disposition of the Family Court, Queens County (Monica D. Shulman, J.), dated July 29, 2019, and (2) an amended order of fact-finding of the same court dated November 18, 2019. The order of disposition released the subject children to the care of the mother and the father under the supervision of the Administration for Children's Services for a period of nine months under certain terms and conditions. The amended order of fact-finding found that the mother had neglected the subject children.
ORDERED that the appeal from the order of disposition is dismissed, without costs or disbursements; and it is further,
ORDERED that the amended order of fact-finding is affirmed, without costs or disbursements.
In November 2018, the Administration for Children's Services (hereinafter ACS) commenced these related child neglect proceedings against the mother, alleging that the mother neglected the subject children by, inter alia, misusing drugs and failing to enroll in and successfully complete a drug treatment program, despite a prior order directing her to do so upon prior findings [*2]of neglect based upon drug misuse. In an order of fact-finding dated June 25, 2019, the Family Court found that the mother neglected the children by misusing drugs and failing to participate in a treatment program, based on the mother's consent. After a dispositional hearing, in an order of disposition dated July 29, 2019, the court released the children to the care of the mother and the father under supervision by ACS for a period of nine months under certain terms and conditions. In an amended order of fact-finding dated November 18, 2019, the court corrected the prior order of fact-finding dated June 25, 2019, and found that the mother had neglected the children, based on a contested fact-finding hearing. The mother appeals from the amended order of fact-finding and the order of disposition.
The appeal from so much of the order of disposition as released the children to the care of the mother and the father under supervision by ACS has been rendered academic, as it has expired by its own terms (see Matter of Ava A. [Steven A.], 179 AD3d 666, 667; Matter of Naphtali A. [Winifred A.], 165 AD3d 781, 783). Further, the findings of neglect are brought up for review and have been considered in connection with the appeal from the amended order of fact-finding. Accordingly, the appeal from the order of disposition must be dismissed.
At a fact-finding hearing in a neglect proceeding pursuant to Family Court article 10, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]). Family Court Act § 1012(f)(i)(B) defines a neglected child as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care" by, among other things, "misusing a drug or drugs." In addition, Family Court Act § 1046(a)(iii) provides that the petitioner establishes a prima facie case of neglect where it presents "proof that a person repeatedly misuses a drug or drugs" to an extent not disputed here. In cases where this presumption of neglect is triggered, the petitioner is not required to establish that the child suffered actual harm or was at imminent risk of harm (see Matter of Ava A. [Steven A.], 179 AD3d at 668; Matter of Kenneth C. [Gertrude B.], 148 AD3d 799, 800; Matter of Audrey K. [Erik K.], 108 AD3d 717; Matter of Sadiq H. [Karl H.], 81 AD3d 647).
Here, contrary to the mother's contention, the Family Court's finding of neglect was supported by a preponderance of the evidence. The evidence at the fact-finding hearing demonstrated that the mother regularly misused cocaine and was not participating in a drug treatment program, despite prior findings of neglect based upon her drug use and a directive to enroll in and complete a drug treatment program (see Matter of Kenneth C. [Gertrude B.], 148 AD3d at 800; Matter of Audrey K. [Erik K.], 108 AD3d at 717).
In light of our determination, we need not address the parties' remaining contentions.
MASTRO, J.P., COHEN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court