Matter of Jesse W. (2020 NY Slip Op 07203)





Matter of Jesse W.


2020 NY Slip Op 07203


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
PAUL WOOTEN, JJ.


2019-08628
2019-08629
 (Docket Nos. N-22880-17, N-22881-17)

[*1]In the Matter of Jesse W. (Anonymous). Administration for Children's Services, respondent; Jesse W. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Aja W. (Anonymous). Administration for Children's Services, respondent; Jesse W. (Anonymous), appellant. (Proceeding No. 2)


Cheryl Charles-Duval, Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Scott Shorr and Eric Lee of counsel), for respondent.
Seth Arthur Myles, Brooklyn, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) a decision of the Family Court, Richmond County (Alison M. Hamanjian, J.), dated January 16, 2019, and (2) an order of disposition of the Family Court, Kings County (Erik S. Pitchal, J.), dated May 31, 2019. The order of disposition, upon an order of fact-finding dated January 30, 2019, finding that the father neglected the subject children, released the children to the mother's care and placed the father under the supervision of the Administration for Children's Services for a period of 12 months.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Matter of Ariana M. [Edward M.], 179 AD3d 923); and it is further,
ORDERED that the appeal from so much of the order of disposition as released the children to the mother's care and placed the father under the supervision of the Administration for Children's Services for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
By petitions dated August 18, 2017, the Administration for Children's Services (hereinafter ACS) alleged that the father had neglected the subject children. Following a fact-finding hearing, in a written decision, the Family Court found that the father had neglected the children. In an order of fact-finding, the court adjudged the children to be neglected children. In an order of disposition, the court released the children to the mother's care and placed the father under the supervision of ACS for a period of 12 months. The father appeals from the decision and from the order of disposition.
The appeal from the decision must be dismissed, as no appeal lies from a decision (see Matter of Ariana M. [Edward M.], 179 AD3d 923, 923). The appeal from so much of the order of disposition as released the children to the mother's care and placed the father under the supervision of ACS for a period of 12 months must be dismissed as academic, as those portions of the order have expired (see Matter of Ava A. [Steven A.], 179 AD3d 666, 667). However, because the adjudication of neglect constitutes a permanent and significant stigma that might indirectly affect the father's status in future proceedings, the appeal from so much of the order of disposition as brings up for review the finding of neglect is not academic (see id.).
In a child neglect proceeding under Family Court Act article 10, the petitioner must establish by a preponderance of the evidence that the subject child is neglected (see Family Court Act § 1046[b][i]; Matter of Kailey Z. [Nancy Z], 185 AD3d 832, 833-834). A neglected child is one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care" due to, inter alia, "misusing a drug or drugs" (Family Ct Act § 1012[f][i][B]). Additionally, pursuant to Family Court Act § 1046(a)(iii), "proof that a person repeatedly misuses a drug or drugs or alcoholic beverages, to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of . . . such person is a neglected child except that such drug or alcoholic beverage misuse shall not be prima facie evidence of neglect when such person is voluntarily and regularly participating in a recognized rehabilitative program" (Family Ct Act § 1046[a][iii]). "In cases where this presumption of neglect is triggered, the petitioner is not required to establish that the child suffered actual harm or was at imminent risk of harm" (Matter of Kailey Z. [Nancy Z.], 185 AD3d at 834).
Here, although we agree with the father's contention that ACS did not prove by a preponderance of the evidence that he neglected the subject children through acts of domestic violence, we conclude that the evidence supports the Family Court's determination that ACS met its burden of proving that the father neglected the subject children as a result of his misuse of drugs (see Family Ct Act § 1046[b][i]). The evidence demonstrated that the father regularly misused PCP and marijuana, that his misuse of drugs produced in him "a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality," and that he was not participating in a drug rehabilitation program (Family Ct Act § 1046[a][iii]). Contrary to the father's argument, because this presumption of neglect was triggered under Family Court Act § 1046(a)(iii), ACS was "not required to establish that the [children] suffered actual harm or [were] at imminent risk of harm" (Matter of Kailey Z. [Nancy Z.], 185 AD3d at 834). Accordingly, we agree with the Family Court's determination adjudging the children to be neglected children under Family Court Act § 1046(a)(iii).
BALKIN, J.P., LEVENTHAL, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court