Matter of Mia S. (Michelle C.) (2022 NY Slip Op 06932)

Matter of Mia S. (Michelle C.)

2022 NY Slip Op 06932

Decided on December 7, 2022

Appellate Division, Second Department

Zayas, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2020-01373
 (Docket No. N-7854-19)

[*1]In the Matter of Mia S. (Anonymous). Suffolk County Department of Social Services, respondent; 
and
Michelle C. (Anonymous), appellant.

APPEAL by the mother, in a proceeding pursuant to Family Court Act article 10, from an order of the Family Court (Frank A. Tantone, J.), dated January 10, 2020, and entered in Suffolk County. The order, after a fact-finding hearing, found that the mother neglected the subject child.

Glenn Gucciardo, Northport, NY, for appellant.
Dennis M. Cohen, County Attorney, Central Islip, NY (Jacklyn N. Aymong of counsel), for respondent.
Paul K. Siepman, Patchogue, NY, attorney for the child.

ZAYAS, J.

OPINION & ORDER
On March 31, 2021, Family Court Act § 1046(a)(iii) was amended to provide that "the sole fact that an individual consumes cannabis" is not sufficient to constitute prima facie evidence of child neglect. On this appeal from an order finding that the mother neglected the subject child based, at least in part, on the mother's misuse of marihuana, we consider whether the March 31, 2021 amendment to Family Court Act § 1046(a)(iii) (hereinafter the 2021 amendment) should be retroactively applied to events that occurred, and a Family Court decision that was rendered, prior to March 2021.
By petition dated May 31, 2019, the Suffolk County Department of Social Services (hereinafter the petitioner) alleged that the mother had neglected the subject child. The petition asserted that, by abusing drugs and failing to address her mental health issues, the mother placed the subject child at imminent risk of becoming emotionally, mentally, and physically impaired. According to the petition, the mother had a history of abusing cocaine and opiates, she was currently abusing marihuana and her prescribed Xanax, and during a recent hospitalization, she exhibited paranoia and psychosis, which appeared to be substance induced. After conducting a fact-finding hearing, the Family Court, in an order dated January 10, 2020, found that the petitioner had proved by a preponderance of the evidence that the mother had neglected the subject child. The mother appeals.
In a child neglect proceeding under Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence (see Matter of Tatianna C. [James C.], 195 AD3d 1014). A neglected child is one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care," inter alia, by "misusing a drug or drugs" (Family Ct Act § 1012[f][i][B]). Pursuant to Family Court Act § 1046(a)(iii), "proof that a person repeatedly misuses a drug," under certain circumstances, constitutes "prima facie evidence that a child of . . . [*2]such person is a neglected child." "In cases where this presumption of neglect is triggered, the petitioner is not required to establish that the child suffered actual harm or was at imminent risk of harm" (Matter of Jesse W. [Jesse W.], 189 AD3d 848, 849-850 [internal quotation marks omitted]).
The 2021 amendment was part of the Marihuana Regulation and Taxation Act (hereinafter the MRTA), which was comprehensive legislation that, inter alia, provided for the regulation and taxation of marihuana and decriminalized its use. Family Court Act § 1046(a)(iii), as amended by the MRTA (L 2021, ch 92, § 58), provides as follows (with the language added by the 2021 amendment appearing in bold type):
"(a) In any hearing under this article and article ten-A of this act:
.
. . 
"(iii) proof that a person repeatedly misuses a drug or drugs or alcoholic beverages, to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of or who is the legal responsibility of such person is a neglected child except that such drug, or alcoholic beverage misuse shall not be prima facie evidence of neglect when such person is voluntarily and regularly participating in a recognized rehabilitative program. Provided however, the sole fact that an individual consumes cannabis, without a separate finding that the child's physical mental or emotional condition was impaired or is in imminent danger of becoming impaired established by a fair preponderance of the evidence shall not be sufficient to establish prima facie evidence of neglect."
In this case, the mother contends that this Court should apply the 2021 amendment in reviewing the order issued by the Family Court in January 2020. While the mother relies on the general rule that "a court is to apply the law in effect at the time it renders its decision" (Landgraf v USI Film Products, 511 US 244, 264 [internal quotation marks omitted]), there is a competing general rule that statutes are presumed to apply only prospectively, and "will not be construed to have retroactive effect unless their language requires this result" (id. at 264 [internal quotation marks omitted]; see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 365-367). The rule invoked by the mother applies mainly in the context of laws governing matters like jurisdiction and procedural rules, or the propriety of prospective relief, or collateral issues such as attorneys' fees (see Landgraf v USI Film Products, 511 US at 273-279; Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d at 365-366). By contrast, legislation that affects substantive rights, such as a statute that "would impair rights a party possessed when he [or she] acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed," would have retrospective effect if a court were to apply new law existing at the time of the decision, and such legislation is therefore subject to the presumption against retroactive application (Landgraf v USI Film Products, 511 US at 280; see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d at 365).
Here, the 2021 amendment did not merely alter a jurisdictional or procedural provision. Rather, the amendment affects the substantive rights of parents by imposing a limitation on the nature of the proof required to establish a prima facie case of neglect. Thus, the 2021 amendment, at least preliminarily, appears to fall into the category of legislation that should not be applied retroactively "unless the Legislature's preference for retroactivity is explicitly stated or clearly indicated" (Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122). The MRTA does not contain any provision specifying that the act should or should not be applied retroactively.
Nonetheless, the considerations animating the presumption against the retroactivity [*3]of statutes include enabling individuals to conform their conduct to the law and protecting them from arbitrary governmental action (see Landgraf v USI Film Products, 511 US at 265-267). As the United States Supreme Court has explained: "The presumption against statutory retroactivity has consistently been explained by reference to the unfairness of imposing new burdens on persons after the fact. Indeed, at common law a contrary rule applied to statutes that merely removed a burden on private rights by repealing a penal provision (whether criminal or civil); such repeals were understood to preclude punishment for acts antedating the repeal" (id. at 270-271 [emphasis omitted]). Here, the 2021 amendment does not impose a burden or penalty upon individuals. It does the opposite; by placing a restriction on the kind of proof that can establish a prima facie case of neglect, the 2021 amendment, at least theoretically, makes it more difficult to impose the burden of a neglect finding upon a parent who uses marihuana.
Although statutory amendments "are presumed to have prospective application" in the absence of an expression of legislative intent that the statute be retroactively applied, it is another axiom of statutory interpretation, and an exception to the presumption against retroactive application, that "remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose" (Matter of Gleason [Michael Vee, Ltd.], 96 NY2d at 122; see Ex parte Collett, 337 US 55, 71; Freeborn v Smith, 69 US 160, 164; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584; Nelson v HSBC Bank USA, 87 AD3d 995, 997; Wade v Byung Yang Kim, 250 AD2d 323, 325; Coffman v Coffman, 60 AD2d 181, 188). A remedial statute is one which is "designed to correct imperfections in prior law, by generally giving relief to the aggrieved party" (Nelson v HSBC Bank USA, 87 AD3d at 998 [internal quotation marks omitted]; see Matter of Asman v Ambach, 64 NY2d 989, 991). "Classifying a statute as 'remedial' does not automatically overcome the strong presumption of prospectivity" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 584; see Plaut v Spendthrift Farm, Inc., 514 US 211, 237; Landgraf v USI Film Products, 511 US at 285 n 37 [statute subjecting defendants to new damages liability is not "the sort of 'remedial' change that should presumptively apply in pending cases"]). Nonetheless, this principle of statutory construction serves as a "navigational tool[ ]," or a guide in the search for legislative intent, at least "where better guides are not available" (Majewski v Broadalbin-Perth Cent. School Dist,, 91 NY2d at 584 [internal quotation marks omitted]). "Other factors in the retroactivity analysis include whether the Legislature has made a specific pronouncement about retroactive effect or conveyed a sense of urgency; whether the statute was designed to rewrite an unintended judicial interpretation; and whether the enactment itself reaffirms a legislative judgment about what the law in question should be" (Matter of Gleason [Michael Vee, Ltd.], 96 NY2d at 122).
In enacting the MRTA and creating the Cannabis Law, a new chapter of the Consolidated Laws of New York (see L 2021, ch 92, § 2), the Legislature made the following statement of its findings and intent:
"The legislature finds that existing marihuana laws have not been beneficial to the welfare of the general public. Existing laws have been ineffective in reducing or curbing marihuana use and have instead resulted in devastating collateral consequences including mass incarceration and other complex generational trauma, that inhibit an otherwise law-abiding citizen's ability to access housing, employment opportunities, and other vital services. Existing laws have also created an illicit market which represents a threat to public health and reduces the ability of the legislature to deter the accessing of marihuana by minors. Existing marihuana laws have disproportionately impacted African-American and Latinx communities.
"The intent of this act is to regulate, control, and tax marihuana, heretofore known as cannabis, generate significant new revenue, make substantial investments in communities and people most impacted by cannabis criminalization to address the collateral consequences of such criminalization, prevent access to cannabis by those under the age of twenty-one years, reduce the illegal drug market and reduce violent crime, reduce participation of otherwise law-abiding citizens in the illicit market, end the racially disparate [*4]impact of existing cannabis laws, create new industries, protect the environment, improve the state's resiliency to climate change, protect the public health, safety and welfare of the people of the state, increase employment and strengthen New York's agriculture sector" (Cannabis Law § 2).
Thus, the Legislature essentially expressed the view that marihuana prohibition had been a mistake, with unfortunate consequences, and that the MRTA was designed to correct that mistake and to address those consequences. Consistent with this objective, the language added to Family Court Act § 1046(a)(iii) by the 2021 amendment seeks to counteract one ill effect of marihuana prohibition—potential loss of custody of a child —by prohibiting a finding of neglect that is based solely on a parent's marihuana use. In keeping with the Legislature's stated intent, the added language corrects an imperfection in the prior law and relieves parents of a negative consequence flowing from the mere fact that they consume cannabis. Accordingly, it is appropriate to characterize the 2021 amendment as remedial in nature.
Furthermore, by declaring the act effective immediately (see L 2021, ch 92, § 64), the Legislature evinced a sense of urgency, which favors giving retroactive effect to the 2021 amendment (see Matter of Gleason [Michael Vee, Ltd.], 96 NY2d at 122; Brothers v Florence, 95 NY2d 290, 299; Nelson v HSBC Bank USA, 87 AD3d at 998). In addition, while section 1046(a)(iii) previously permitted a presumption of neglect where a parent repeatedly misuses a drug to an extent that it produces certain specified effects, the language added to the statute by the MRTA expressly precludes such a presumption based on the sole fact that an individual consumes cannabis. This indicates that the 2021 amendment "was designed to rewrite an unintended judicial interpretation" equating mere consumption of cannabis with repeated misuse that produces the specified effects (Matter of Gleason [Michael Vee, Ltd.], 96 NY2d at 122; see Brothers v Florence, 95 NY2d at 299; Nelson v HSBC Bank USA, 87 AD3d at 998).
In view of the remedial nature of the legislation, along with the additional considerations mentioned above, we conclude that the Legislature intended the 2021 amendment to be applied retroactively. Consequently, we must determine whether the Family Court's finding of neglect in this case was proper under Family Court Act § 1046(a)(iii), as amended in March 2021.
In determining that the subject child was neglected, the Family Court did not make a finding as to whether the child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" (id. § 1012[f][i]). Such a finding was obviated because the court relied on the presumption set forth in Family Court Act § 1046, under which "proof that a person repeatedly misuses a drug or drugs or alcoholic beverages, to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of or who is the legal responsibility of such person is a neglected child" (id. § 1046[a][iii]). Thus, the order appealed from should be affirmed only if the statutory presumption was properly applied.
Contrary to the mother's contention, the 2021 amendment does not preclude a determination that the petitioner established a prima facie case of neglect in this case. The 2021 amendment should not be interpreted as preventing any reliance on the misuse of marihuana, no matter how extensive or debilitating, to establish a prima facie case of neglect. After all, the statute still encompasses the misuse of other legal substances, such as alcoholic beverages and prescription drugs. Based on the plain language of the statute, the 2021 amendment does not prevent a court from finding that there has been a prima facie showing of neglect where the evidence establishes that the subject parent has, in fact, repeatedly misused marihuana in a manner that "has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality" (id.). Such a finding is not based on "the sole fact" that the parent "consumes cannabis" (id.).
The evidence presented at the fact-finding hearing, which included the testimony of the mother and her boyfriend, hospital treatment records, and other medical records, supports the Family Court's determination that the petitioner met its burden of proving that the mother neglected the child by her misuse of marihuana in a manner and to the extent contemplated by Family Court [*5]Act § 1046(a)(iii) (see Matter of Jesse W. [Jesse W.], 189 AD3d at 850; Matter of Rylee K. [Robert K.], 186 AD3d 1689, 1690). In its order, the Family Court expressly determined that the mother had misused marihuana and "clearly had a substantial impairment of judgment, and/or substantial manifestation of irrationality and was disoriented and/or incompetent." Since this finding was not based on "the sole fact" that the mother "consumes cannabis" (Family Ct Act § 1046[a][iii]), it provided a sufficient basis on which to apply the presumption of neglect arising from repeated misuse of drugs that is articulated in the statute, as amended by the MRTA.
Contrary to the mother's further contentions, she failed to establish that she was voluntarily and regularly participating in a drug rehabilitative program before the neglect petition was filed (see id.; Matter of Christian G. [Alexis G.], 192 AD3d 1027, 1029; Matter of Messiah C. [Laverne C.], 95 AD3d 449, 450) and failed to rebut the petitioner's prima facie showing of neglect (see Matter of Jonathan E. [John E.], 149 AD3d 1197, 1200; Matter of Arthur S. v Rose S., 68 AD3d 1123, 1124).
Accordingly, the Family Court properly found that the mother neglected the subject child, and the order is affirmed.
BRATHWAITE NELSON, J.P., RIVERA and MILLER, JJ., concur.
ORDERED that the order is affirmed, without costs or disbursements.
ENTER:
Maria T. Fasulo
Clerk of the Court