Matter of Camila G. C. (Matthew C.) (2022 NY Slip Op 07230)

Matter of Camila G. C. (Matthew C.)

2022 NY Slip Op 07230

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-07414
 (Docket Nos. N-694-20, N-695-20)

[*1]In the Matter of Camila G. C. (Anonymous). Rockland County Child Protective Services, petitioner-respondent; Matthew C. (Anonymous), appellant, et al., respondent.

Warren S. Hecht, Forest Hills, NY, for appellant.
Thomas E. Humbach, County Attorney, Pomona, NY (Barbara M. Wilmit of counsel), for petitioner-respondent.
Legal Aid Society of Rockland County, New City, NY (Jacqueline Sands of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated August 17, 2021. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the father neglected the subject child.
ORDERED that the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements.
The subject child was born in March 2020 with a positive toxicology for methadone and benzodiazepines and remained in the hospital for multiple weeks after her birth to be treated for severe symptoms of withdrawals from those substances. Before the child was released by the hospital to the mother and the father, at the request of the Rockland County Department of Social Services, Child Protective Services (hereinafter the petitioner), the Family Court removed the child on an emergency basis pursuant to Family Court Act § 1027 and placed her with foster parents. The petitioner commenced neglect proceedings against the parents based upon concerns of their abuse of drugs. In an order dated August 17, 2021, made after multiple days of a fact-finding hearing, the court determined that the parents' "testimony was completely self-serving and lacked any indicia of credibility," and found that they had neglected the child. The father appeals from the order of fact-finding.
Family Court Act § 1012(f)(i)(B) defines a neglected child, inter alia, as one whose "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" because a parent fails "to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof . . . by misusing a drug or drugs." Pursuant to Family Court Act § 1046(a)(iii), proof of a parent's repeated drug use is prima facie evidence of neglect. Where, [*2]however, a parent is "voluntarily and regularly participating in a recognized rehabilitative program," proof of a parent's repeated misuse of drugs is not prima facie evidence of neglect (id.). In those circumstances, "evidence that the respondent has repeatedly misused a drug or drugs . . . shall not establish that the child is a neglected child in the absence of evidence establishing that the child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" (id. § 1012[f][i][B]); see Matter of Keira O., 44 AD3d 668, 670). Moreover, "[t]he Family Court's findings with respect to credibility are entitled to great weight on appeal" (Matter of Antonio T. [Franklin T.], 169 AD3d 699, 700; see Matter of Daniel R. [Lucille R.], 70 AD3d 839, 841).
Here, the Family Court's finding that the father neglected the child is supported by a preponderance of the evidence (see Family Ct Act § 1046[b][i]). The father, who had a long history of drug use, began attending substance abuse programs in approximately 2014, at which time he had been using heroin, cocaine, benzodiazepines, and oxycodone, among other drugs. In 2021, at the time of the hearing, approximately seven years later, he was attending a methadone maintenance program which he began in January 2017. Although the father claimed that the benzodiazepines for which he was testing positive were prescribed, there were gaps in time when he failed to produce the prescriptions to the methadone maintenance program, as was required. Additionally, during the pendency of the matter, three different psychiatrists had prescribed benzodiazepines for him. The record also demonstrates that the father failed to timely advise a treating psychiatrist who was prescribing benzodiazepines for the mother and him, that he was receiving methadone treatment or that the mother was pregnant. Moreover, the father failed to cooperate with the petitioner, in that despite a court order, he refused to sign HIPAA release forms for the release of information from his treating psychiatrist who was prescribing the benzodiazepines, refused to provide the prescriptions for the drugs for which he tested positive, and refused to submit to a substance abuse assessment and drug screens (see generally Matter of Dayyan J.L. [Dayyan L.], 131 AD3d 1245, 1246; Matter of Dahan S. [Sheila McL.], 128 AD3d 453, 454). Also, subsequent to the father's counselor from the methadone program appearing for his first day of testimony, the father rescinded his HIPAA release regarding information about his psychiatric care at the methadone program. Under the circumstances, although the father was enrolled in the methadone maintenance program, his participation was not meaningful (see Matter of Keira O., 44 AD3d at 670). As the court inferred from the evidence, he was engaged in a "doctor-shopping journey . . . to maintain a steady flow of opiates/methadone and benzodiazepines . . . [in his system]." Thus, the foregoing evidence, combined with the father's behavior as observed by the court over the lengthy hearing, which at best was difficult, and at worst was obstructionist, established a prima facie case of neglect (see generally Matter of Darrell W. [Tenika C.], 110 AD3d 1088, 1089; Matter of Keira O., 44 AD3d at 670).
Accordingly, the Family Court properly found that the father neglected the child.
IANNACCI, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court