Matter of Timothy K. Jr. (Timothy K.) (2024 NY Slip Op 01308)

Matter of Timothy K. Jr. (Timothy K.)

2024 NY Slip Op 01308

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-06566 
2022-08447
 (Docket Nos. N-3933-20, N-3934-20)

[*1]In the Matter of Timothy K. (Anonymous), Jr. Suffolk County Department of Social Services, Child Protective Services, respondent; Timothy K. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Alyssa K. (Anonymous). Suffolk County Department of Social Services, Child Protective Services, respondent; Timothy K. (Anonymous), appellant. (Proceeding No. 2) 

Arza Rayches Feldman, Manhasset, NY, for appellant.
Dennis M. Brown, Acting County Attorney, Central Islip, NY (Jacklyn N. Aymong of counsel), for respondent.
Jordan M. Freundlich, Lake Success, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) a decision of the Family Court, Suffolk County (Frank A. Tantone, J.), dated July 22, 2021, and (2) an order of fact-finding and disposition of the same court dated September 6, 2022. The order of fact-finding and disposition, after fact-finding and dispositional hearings, and upon the decision, found that the father neglected the subject children, placed the father under the supervision of the Suffolk County Department of Social Services for a period of one year, and released the children to the nonrespondent mother subject to the supervision of the Suffolk County Department of Social Services for a period of one year.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the order of fact-finding and disposition as placed the father under the supervision of the Suffolk County Department of Social Services for a period of one year and released the children to the nonrespondent mother subject to the supervision of the Suffolk County Department of Social Services for a period of one year, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as [*2]reviewed, without costs or disbursements.
The petitioner, Suffolk County Department of Social Services, Child Protective Services, commenced these related proceedings pursuant to Family Court Act article 10, alleging that the father neglected the subject children by misusing drugs. Following a fact-finding hearing, the Family Court found that the father neglected the children by repeatedly misusing heroin. After a dispositional hearing, the court issued an order of fact-finding and disposition dated September 6, 2022, which, inter alia, released the children to the custody of the nonrespondent mother subject to the petitioner's supervision for a period of one year and placed the father under the petitioner's supervision for a period of one year. The father appeals.
The appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509). Furthermore, the father's appeal from so much of the order of fact-finding and disposition as placed the father under the petitioner's supervision and released the children to the nonrespondent mother under the petitioner's supervision for a period of one year is dismissed as academic, as those provisions of the order have expired by their own terms (see Matter of Kailey Z. [Nancy Z.], 185 AD3d 832, 833).
However, since the adjudication of neglect constitutes a permanent and significant stigma that might indirectly affect the father's status in future proceedings, the appeal from so much of the order of fact-finding and disposition as brings up for review the finding of neglect is not academic (see Matter of Ava A. [Steven A.], 179 AD3d 666, 667).
"Family Ct Act § 1033-b(1)(b) requires the court, at an initial appearance based on a petition filed pursuant to Family Ct Act article 10, to, among other things, advise respondent of the allegations in the petition" (Matter of Shawndalaya II., 31 AD3d 823, 825). Contrary to the father's contentions, although the Family Court failed to strictly follow the procedural requirements set forth in Family Court Act § 1033-b, reversal is not warranted under the particular circumstances of this case. There is no indication that the father, who was aided by counsel, was not fully aware of the contents of the petition at the time of his first appearance, as evinced by the father's representation that he had contacted a number of programs recommended by the petitioner and the representation by the father's attorney that he and the father would continue to discuss a resolution of the petition (see id. at 825).
"At a fact-finding hearing in a neglect proceeding pursuant to Family Court [Act] article 10, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected" (Matter of Kailey Z. [Nancy Z.], 185 AD3d 832, 833-834). "Family Court Act § 1012(f)(i)(B) defines a neglected child, inter alia, as one whose 'physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired' because a parent fails 'to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, . . . [or] by misusing a drug or drugs'" (Matter of Camila G.C. [Matthew C.], 211 AD3d 934, 935). "Additionally, pursuant to Family Court Act § 1046(a)(iii), 'proof that a person repeatedly misuses a drug or drugs or alcoholic beverages, to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of . . . such person is a neglected child except that such drug or alcoholic beverage misuse shall not be prima facie evidence of neglect when such person is voluntarily and regularly participating in a recognized rehabilitative program'" (Matter of Jesse W. [Jesse W.], 189 AD3d 848, 849).
Here, contrary to the father's contention, the Family Court's finding of neglect was supported by a preponderance of the evidence. The evidence of the father's repeated misuse of heroin, as adduced at the fact-finding hearing, established a prima facie case of neglect pursuant to Family Court Act § 1046(a)(iii). Therefore, neither actual impairment of the children's physical, mental, or emotional condition, nor a specific risk of impairment, needed to be established (see [*3](Matter of Mia S. [Michelle C.], 212 AD3d 17, 19). The father failed to rebut this showing.
Accordingly, the Family Court properly found that the father neglected the children.
BARROS, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court