Matter of Andrew M. (Brenda M.) (2024 NY Slip Op 01544)

Matter of Andrew M. (Brenda M.)

2024 NY Slip Op 01544

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2023-03864
 (Docket No. N-15299-21)

[*1]In the Matter of Andrew M. (Anonymous). Administration for Children's Services, appellant; Brenda M. (Anonymous), respondent.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Eva L. Jerome of counsel), for appellant.
Brooklyn Defender Services, Brooklyn, NY (Amy Mulzer and Abhinav Dantuluri of counsel), for respondent.
Heath J. Goldstein, Jamaica, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of fact-finding of the Family Court, Kings County (Melody Glover, J.), dated April 25, 2023. The order of fact-finding, upon the mother's failure to appear at a fact-finding hearing and after an inquest, and upon a finding that the petitioner failed to establish that the mother neglected the subject child, in effect, dismissed the amended petition.
ORDERED that the order of fact-finding is reversed, on the law and the facts, without costs or disbursements, the amended petition is reinstated, a finding is made that the mother neglected the subject child, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and a determination thereafter.
In November 2021, the petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the subject child, who was born in 2017. In an order dated November 16, 2021, entered upon consent, the Family Court released the child to the mother's custody upon certain conditions (hereinafter the conditional order). In June 2022, the petitioner made an application to remove the child from the mother's custody, alleging,
among other things, that she was not in compliance with the conditional order. In an order dated June 6, 2022, after a hearing, the court granted the petitioner's application, and the child was removed from the mother's custody. Thereafter, the petitioner filed an amended petition alleging, inter alia, that the mother had failed to comply with the terms of the conditional order. In an order dated April 25, 2023, upon the mother's failure to appear at a fact-finding hearing, the court found that the petitioner failed to establish that the mother neglected the child and, in effect, dismissed the amended petition. The petitioner appeals. We reverse.
In a child neglect proceeding pursuant to Family Court Act article 10, the petitioner must establish by a preponderance of the evidence that the subject child is neglected (see id. § 1046[b][i]; Matter of Kailey Z. [Nancy Z.], 185 AD3d 832, 833-834). A neglected child is one, inter alia, "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree [*2]of care . . . in providing the child with proper supervision or guardianship . . . by misusing a drug or drugs" (Family Ct Act § 1012[f][i][B]). Additionally, pursuant to Family Court Act § 1046(a)(iii), "proof that a person repeatedly misuses a drug or drugs or alcoholic beverages, to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of . . . such person is a neglected child." "In cases where this presumption of neglect is triggered, the petitioner is not required to establish that the child suffered actual harm or was at imminent risk of harm" (Matter of Kailey Z. [Nancy Z.], 185 AD3d at 834).
Here, contrary to the Family Court's determination, the petitioner established by a preponderance of the evidence that the mother neglected the child. The evidence demonstrated that the mother, who previously had been found to have neglected two of her older children, violated the conditional order that required her, inter alia, to submit to random drug screenings and comply with drug treatment services if she tested positive for drug use, not leave the child home alone, and not leave the child with anyone who previously was not cleared by the petitioner. After the issuance of the conditional order, the mother tested positive for cocaine twice between January and April 2022 and admitted that she would have tested positive a third time if she had submitted to a test, she did not provide the caseworkers with evidence that she engaged in a drug treatment program, and she failed to submit to multiple scheduled random drug screenings. In June 2022, the child was removed from the mother's care after, among other things, the child was left with a neighbor for an extended period of time with no information as to when the mother would return. This evidence, together with a negative inference drawn from the mother's failure to testify, established a prima facie case of neglect pursuant to Family Court Act § 1046(a)(iii), which the mother failed to rebut (see Matter of Jesse W. [Jesse W.], 189 AD3d 848, 850; Matter of Rylee K. [Robert K.], 186 AD3d 1689, 1690).
In light of our determination, we need not address the parties' remaining contentions.
DUFFY, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court