Matter of Mykel B. (Minta M.) (2024 NY Slip Op 05794)

Matter of Mykel B. (Minta M.)

2024 NY Slip Op 05794

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-08674
 (Docket Nos. N-24003-22, N-24004-22)

[*1]In the Matter of Mykel B. (Anonymous). Administration for Children's Services, appellant; Minta M. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Mykah B. (Anonymous). Administration for Children's Services, appellant; Minta M. (Anonymous), respondent. (Proceeding No. 2)

Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Jane L. Gordon and D. Alan Rosinus of counsel), for appellant.
Brooklyn Defender Services, Brooklyn, NY (Jessica Marcus and Paul, Weiss, Rifkind, Wharton & Garrison LLP [William B. Michael and Wenwa Eva Gao], of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell, Jaclyn Goodman, and Claire V. Merkine of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Erik S. Pitchal, J.), dated September 15, 2023. The order, after a fact-finding hearing, dismissed the petitions.
ORDERED that the order is affirmed, without costs or disbursements.
In November 2022, during treatment for an illness at a hospital, the mother informed hospital staff that she self-medicated with cocaine, beer, and marijuana. Thereafter, the petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging that the mother neglected the subject children due to, inter alia, repeated misuse of a drug or drugs. The Family Court thereafter conducted a fact-finding hearing over the course of two days, beginning in June 2023 and ending in September 2023. In an order dated September 15, 2023, the court found that the petitioner did not prove by a preponderance of evidence that the mother neglected the children and dismissed the petitions. The petitioner appeals.
In a neglect proceeding pursuant to Family Court Act article 10, a petitioner must prove neglect by "a preponderance of evidence" (Family Ct Act § 1046[b][i]). "'To establish neglect [*2]of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship'" (Matter of Kaira K [Karam S.], 226 AD3d 900, 902, quoting Matter of Chloe P.-M. [Martinique P.], 220 AD3d 783, 784).
A neglected child includes a child "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent or other person legally responsible for his [or her] care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, . . . by misusing a drug or drugs" (Family Ct Act § 1012[f][i][B]). "[P]roof that a person repeatedly misuses a drug or drugs . . . to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of . . . such person is a neglected child except that such drug . . . misuse shall not be prima facie evidence of neglect when such person is voluntarily and regularly participating in a recognized rehabilitative program" (id. § 1046[a][iii]; see Matter of Kaira K [Karam S.], 226 AD3d at 903; Matter of Jesse W. [Jesse W.], 189 AD3d 848, 849).
Here, the petitioner failed to establish neglect (see Family Ct Act § 1046[b][i]). Although it is uncontested that the mother used cocaine, the petitioner did not provide evidence that established the mother's use was "to the extent that it has or would ordinarily have the effect of producing . . . a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgement, or a substantial manifestation of irrationality" (id. § 1046[a][iii]; see Matter of Anastasia G., 52 AD3d at 832; Matter of Cameron D. [Lavon D.], 154 AD3d at 850).
Moreover, absent evidence of repetitive drug use to the extent required by Family Court Act § 1046(a)(iii), the petitioner failed to proffer any evidence that the children's physical, mental, or emotional condition had been impaired or was in imminent danger of becoming impaired (see id. § 1012[f][i][B]; Matter of Anastasia G., 52 AD3d at 832). In the absence of any evidence of repeated drug use to the extent required by Family Court Act § 1046 (a)(iii) or that the children had been impaired or were in imminent danger of impairment, the fact that the mother was not enrolled in a drug treatment program is insufficient to establish a prima facie case of neglect (see id. §§ 1012[f][i][B]; 1046[a][iii]; Matter of Anastasia G., 52 AD3d at 832; cf. Matter of Kaira K [Karam S.], 226 AD3d at 904). Accordingly, the record was insufficient to support a finding of neglect pursuant to Family Court Act § 1012(f)(i)(B) (see Matter of Anastasia G., 52 AD3d at 832).
CONNOLLY, J.P., FORD, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court