Matter of Misha W. (Melissa R.) (2025 NY Slip Op 05244)

Matter of Misha W. (Melissa R.)

2025 NY Slip Op 05244

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2024-05000
 (Docket Nos. N-225-23, N-138-23)

[*1]In the Matter of Misha W. (Anonymous). Westchester County Department of Social Services, respondent; Melissa R. (Anonymous), et al., appellants. (Proceeding No. 1).
In the Matter of Trinity-Mae W. (Anonymous). Westchester County Department of Social Services, respondent; Melissa R. (Anonymous), et al., appellants. (Proceeding No. 2).

John M. Nonna, County Attorney, White Plains, NY (Shawna C. MacLeod of counsel), for respondent.
Edward Lammers, Tarrytown, NY, attorney for the children.
Andrew W. Szczesniak, White Plains, NY, for appellant Melissa R.
Gloria Marchetti-Bruck, White Plains, NY, for appellant Ethan W.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother and the father separately appeal from an order of fact-finding of the Family Court, Westchester County (Mary Anne A. Scattaretico-Naber, J.), dated May 22, 2024. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the mother and the father neglected the subject children.
ORDERED that the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements.
The petitioner, Westchester County Department of Social Services, commenced these related proceedings pursuant to Family Court Act article 10, alleging that the mother and the father neglected the subject children, both of whom were born in 2022, by misusing drugs and alcohol. In an order of fact-finding dated May 22, 2024, made after a fact-finding hearing, the Family Court found, inter alia, that the mother neglected the children by repeatedly misusing heroin during her pregnancy and that the father neglected the children by repeatedly misusing fentanyl and alcohol. These appeals ensued.
"At a fact-finding hearing in a neglect proceeding pursuant to Family Court [Act] [*2]article 10, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected" (Matter of Kailey Z. [Nancy Z.], 185 AD3d 832, 833-834). Family Court Act § 1012(f)(i)(B) defines a neglected child as one whose "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care by, among other things, misusing a drug or drugs" (Matter of Kailey Z. [Nancy Z.], 185 AD3d at 834 [internal quotation marks omitted]; see Matter of Camila G.C. [Matthew C.], 211 AD3d 934, 935). Pursuant to Family Court Act § 1046(a)(iii), "proof that a person repeatedly misuses a drug or drugs or alcoholic beverages, to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of . . . such person is a neglected child except that such drug, or alcoholic beverage misuse shall not be prima facie evidence of neglect when such person is voluntarily and regularly participating in a recognized rehabilitative program" (id.; see Matter of Jesse W. [Jesse W.], 189 AD3d 848, 849). "In cases where this presumption of neglect is triggered, the petitioner is not required to establish that the child suffered actual harm or was at imminent risk of harm" (Matter of Andrew M. [Brenda M.], 225 AD3d 764, 765 [internal quotation marks omitted]; see Matter of Mia S. [Michelle C.], 212 AD3d 17, 19).
Here, the Family Court's findings that the mother and the father neglected the children were supported by a preponderance of the evidence (see Family Ct Act § 1046[b][i]). The petitioner demonstrated that the mother repeatedly misused heroin during her pregnancy and continued to misuse fentanyl after the children were born, and that the father, who had a history of heroin use, had tested positive for fentanyl after the children were born (see Matter of Kaira K. [Karam S.], 226 AD3d 900, 904; Matter of Kailey Z. [Nancy Z.], 185 AD3d at 833). Moreover, the mother and the father failed to establish that they were voluntarily and regularly participating in a recognized rehabilitative program and thus, failed to rebut the petitioner's prima facie showing of neglect (see Matter of Kaira K. [Karam S.], 226 AD3d at 904; Matter of Mia S. [Michelle C.], 212 AD3d at 25). In addition, the petitioner demonstrated that the father knew, or should have known, of the mother's heroin use during pregnancy and failed to exercise a minimum degree of care to ensure that the mother did not abuse drugs during her pregnancy (see Matter of Jamoori L. [Danette B.], 116 AD3d 1046, 1047; Matter of Niviya K. [Alfonzo M.], 89 AD3d 1027, 1028; Matter of Carlena B., 61 AD3d 752, 752).
The father's remaining contentions are without merit.
Accordingly, the Family Court properly found that the mother and the father neglected the children.
DILLON, J.P., WOOTEN, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court